UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI MARIE HOLTHAUS, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON DEPARTMENT OF CORRECTIONS et al., <br><br> Defendants. | Case No. 3:25-cv-05257-TMC <br><br> ORDER DENYING MOTION FOR EMERGENCY RELIEF |

## I. ORDER

**A.    Plaintiff has not shown that she is entitled to emergency relief.**

Plaintiff, Cortni Marie Holthaus, has submitted an emergency motion requesting various forms of relief against the Washington Department of Corrections, Multicare Lacey Emergency Department, Providence St. Peter's Hospital, and Tumwater Police Department. Dkt. 10. On March 25, 2025, Ms. Holthaus submitted a proposed complaint and an application to proceed in forma pauperis (IFP). Dkt. 1. The Court notified Ms. Holthaus of a deficiency in her IFP application, Dkt. 3, and she subsequently paid the filing fee and filed her complaint. Dkt. 4. She then submitted a praecipe to issue summons on April 11, and was notified of filing deficiencies the same day. Dkt. 6; Dkt. 7. She submitted a new praecipe and summonses on April 21. Dkt. 8;

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 1

Dkt. 9. The same day she moved for protective relief so that she may "stay in [her] own home" instead of being forced into psychiatric placement. Dkt. 10 at 3. She also requested the Court's acknowledgement of "psychiatric abuse concerns[.]" *Id.*

Courts consider requests from litigants for the type of urgent relief Ms. Holthaus seeks in the form of motions for preliminary injunctions and temporary restraining orders ("TRO"). *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) ("[Temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."). Most orders for emergency relief restrict a party from taking a certain action, but TROs can also be mandatory in that they can order a party to perform an affirmative act or a specific course of conduct. *State of Alabama v. United States*, 304 F.2d 583, 590 (5th Cir. 1962), *aff'd sub nom. Alabama v. United States*, 371 U.S. 37 (1962) ("Mandatory injunctions affirmatively compelling the doing of some act, rather than merely negatively forbidding continuation of a course of conduct, are a traditional tool of equity."). Irreparable harms, as TROs seek to prevent, are injuries "for which there is no adequate legal remedy." *See Nat'l Ass'n of Manufacturers v. United States Dep't of Homeland Sec.*, 491 F. Supp. 3d 549, 569 (N.D. Cal. 2020) (citing *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1279 (9th Cir. 2020)).

The standards that govern temporary restraining orders ("TRO") are "substantially similar" to those that govern preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc)

(citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing for each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additional requirements are imposed on TROs that are granted "*ex parte*", or without notice to the other party—which is the type of relief Ms. Holthaus seeks here. Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Washington State Dep't of Health*, No. C08-5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008). "To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required." *Id.* And Local Civil Rule 65(b)(1) adds that "[m]otions for [TROs] without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974), the Supreme Court explained that circumstances justifying an *ex parte* TRO are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Ms. Holthaus's motion does not meet this high bar. Ms. Holthaus alleges "extreme, ongoing retaliation, surveillance, digital interference, and fear for personal safety." Dkt. 10 at 1. She explains that she has "noticed suspicious vehicles near home, being followed, and monitoring behavior." *Id.* at 2. She also claims that she was "diagnosed with severe psychiatric

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 3

diagnosis with no evaluation. Hospitals PSPH and Multicare have not given full records or substantial answers." *Id.* While these allegations are concerning, Ms. Holthaus has not provided the necessary facts or evidence for the Court to issue an *ex parte* TRO. Ms. Holthaus has not met the standard for issuing emergency relief generally or an *ex parte* TRO in her motion. *See Thompson v. Mukilteo Sch. Dist. No. 6*, No. 2:25-CV-00529-JNW, 2025 WL 987130, at *3 (W.D. Wash. Apr. 2, 2025) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements") (citation omitted).

**B.    Ms. Holthaus is not entitled to service of the complaint by the US Marshal.**

Additionally, Ms. Holthaus further requested that the Court "waive service-related delays or consider alternative methods" and "permit IFP service via US Marshals." Dkt. 10 at 3. As to the last request, Ms. Holthaus has paid the filing fee and is not proceeding IFP. Accordingly, she is not entitled to IFP service by the United States Marshals under Federal Rule of Civil Procedure 4(c)(3).

**C.    Ms. Holthaus must file an amended complaint by May 6, 2025.**

As to the service concerns, the Court notes that it appears Ms. Holthaus's complaint is incomplete. Portions of the "Statement of Claim" section, Dkt. 4 at 5, are cut off and cannot be viewed. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff may submit an amended complaint to the Court and serve the amended complaint, along with the summonses issued by the Court (Dkt. 9) on Defendants to address this problem. If her statement of the claim section exceeds the space provided on the pro se complaint form, Ms. Holthaus may attach additional pages to the form to explain the nature of

her claims. Plaintiff must file her amended complaint no later than May 6, 2025. If Ms. Holthaus does not file an amended complaint, the Court may issue an Order to Show Cause why the case should not be dismissed.

## II. CONCLUSION

For the reasons explained above:

- Plaintiff's motion for emergency relief (Dkt. 10) is DENIED.
- Plaintiff's request for service by the US Marshals service is DENIED.
- Plaintiff shall file an amended complaint no later than May 6, 2025.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of April, 2025.

Tiffany M. Cartwright
United States District Judge