UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI MARIE HOLTHAUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　Defendants. | Case No. 3:25-cv-05257-TMC<br><br>ORDER DENYING REQUEST FOR EMERGENCY RELIEF |

      Plaintiff, Cortni Marie Holthaus, has filed an emergency motion requesting various forms of relief against the Washington Department of Corrections, Multicare Lacey Emergency Department, Providence St. Peter's Hospital, and Tumwater Police Department. Dkt. 20. On March 25, 2025, Ms. Holthaus submitted a proposed complaint and an application to proceed in forma pauperis (IFP). Dkt. 1. The Court notified Ms. Holthaus of a deficiency in her IFP application, Dkt. 3, and she then paid the filing fee and filed her complaint. Dkt. 4. She also moved for protective relief, which the Court interpreted as a request for a Temporary Restraining Order (TRO). Dkt. 10. The Court denied the motion and directed Ms. Holthaus to file an amended complaint. Dkt. 11. On May 8, 2025, Ms. Holthaus filed an amended complaint and a renewed motion for emergency relief against Defendants. Dkt. 13. In that motion, Ms. Holthaus

ORDER DENYING REQUEST FOR EMERGENCY RELIEF - 1

specifies that she was requesting a TRO. *Id.* at 5. On May 15, 2025, the Court denied Ms. Holthaus's request, explaining that her request for a TRO did not meet the high bar required for such emergency relief. Dkt. 16 at 3–4. And, the Court noted, Ms. Holthaus had failed to address the relevant legal standard. *Id.* Ms. Holthaus moved for reconsideration, Dkt. 17, which the Court denied. Dkt. 19.

On June 23, 2025, Ms. Holthaus again moved for emergency relief and offered a proposed amended complaint. Dkt. 20. The motion is identical to the motion the Court previously denied both on initial review and on reconsideration, save for what appears to be a missing page and a new cover page. *See* Dkt. 20; Dkt. 13; Dkt. 16; Dkt. 19.

The Court again denies Ms. Holthaus's motion for emergency relief. Dkt. 20. As the Court explained both in its order denying the first motion and in its order on the motion for reconsideration, Ms. Holthaus has not met the high standard for the emergency relief requested, nor can the Court afford the kind of relief Ms. Holthaus demands. Dkt. 19 at 3; Dkt. 16 at 3–4. Thus, the Motion for Emergency Relief, Dkt. 20, is DENIED.

The Court cautions Ms. Holthaus that repeated filings that lack merit may result in sanctions. Although Ms. Holthaus brings these motions pro se, she remains bound by the Federal Rules of Civil Procedure, like any other litigant. Rule 11 authorizes courts to impose various sanctions to "deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991). Rule 11 applies to both attorneys and pro se litigants. *Ryder v. Elliot*, 127 F. App'x 960, 961 (9th Cir. 2005).

Under Rule 11, by signing a motion, a pro se litigant certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11 is meant "to address frivolous or abusive filings." *Ringgold-*

*Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1065 (9th Cir. 2014). A litigant is subject to Rule 11 sanctions for motions that fail to comply with this standard. *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). Ms. Holthaus's repeated motions appear to violate this rule. Her repeated motions for emergency relief advance arguments this Court has consistently denied. This abuses the judicial process and wastes time the Court could spend handling other cases, including cases from other pro se litigants.

      Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). If Ms. Holthaus continues filing meritless motions for relief, the Court may be forced to take such an action.

      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

      Dated this 25th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING REQUEST FOR EMERGENCY RELIEF - 3