UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI MARIE HOLTHAUS, | Case No. 3:25-cv-05257-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS et al., | |
| Defendant. | |

## I.     ORDER

Before the Court is Plaintiff Cortni Marie Holthaus's Motion for Reconsideration, Dkt. 24, of the Court's order denying her motion to proceed *in forma pauperis* (IFP), Dkt. 23. On June 26, 2025, Ms. Holthaus moved to proceed IFP. Dkt. 22. She explained that, though she initially paid the Court's filing fee, she now needed to proceed IFP because she faced "severe financial difficulties." *Id.* at 2. She informed the Court that her accounts were "nearly in collections" and she was "actively filing Chapter 7 bankruptcy." *Id.* But, because Ms. Holthaus had already paid the filing fee, the Court denied the motion as moot. Dkt. 23. Ms. Holthaus moved for reconsideration of the Court's denial. Dkt. 24. Ms. Holthaus explained that the application "included new and materially different information regarding [her] financial

ORDER DENYING MOTION FOR RECONSIDERATION - 1

hardship[.]" *Id.* at 1. She noted that she "remains unable to afford the filing fees and service costs, and without IFP status, is effectively barred from litigating this matter, which involves serious issues requiring adjudication." *Id.* at 2. Thus, Ms. Holthaus urged the Court to reconsider the denial, accept the updated IFP filing, and grant her leave to proceed IFP. *Id.*

Motions for reconsideration are "rarely granted." *Colchester v. Lazaro*, No. C20-1571 MJP, 2022 WL 1078573, at *2 (W.D. Wash. Apr. 11, 2022). They "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). "'Clear error' for purposes of a motion for reconsideration occurs when 'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" *Baptiste v. LIDS*, No. C 12-5209 PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (quoting *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013)).

Though the Court understands that Ms. Holthaus's financial situation is difficult, the Court must deny her motion for reconsideration. As the Court briefly explained in its order, Dkt. 23, because the filing fee has been paid, Ms. Holthaus's application, Dkt. 22, must be denied as moot. Proceeding IFP only waives the filing fee for a plaintiff. It does not offer access to other free services, such as discovery. If a plaintiff pays a filing fee after filing a motion to proceed IFP, the IFP motion is struck or denied as moot because the filing fee has been paid. Thus, the Court DENIES Ms. Holthaus's motion for reconsideration. Dkt. 24.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

However, the Court notes, Ms. Holthaus may have filed the IFP application in an attempt to show her indigency so the Court will assist with service. To move her case forward, Ms. Holthaus must still properly serve her complaint on Defendants. Rule 4 of the Federal Rules of Civil Procedure governs service of process. Local Civil Rules 4 and 5 provide more guidance. The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Under Local Civil Rule 4(a), "[i]t is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service." Under Federal Rule of Civil Procedure 4(a), the summons must:

  (A) name the court and the parties;

  (B) be directed to the defendant;

  (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;

  (D) state the time within which the defendant must appear and defend;

  (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

  (F) be signed by the clerk; and

  (G) bear the court's seal.

Federal Rule of Civil Procedure 4(b) provides more guidance: "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed," the clerk will then "sign, seal, and issue it to the plaintiff for

ORDER DENYING MOTION FOR RECONSIDERATION - 3

service on the defendant." To serve Defendants, Ms. Holthaus must first submit the necessary information in a proposed summons to the Court. The summons must contain the required information and be in the proper format. The forms may be found at https://www.wawd.uscourts.gov/court-forms. After receiving the summons from the Court, Ms. Holthaus may serve Defendant with the complaint and summons. The service must comply with the requirements of Federal Rule of Civil Procedure 4(h).

Because Ms. Holthaus has not yet completed service, and because she may require assistance with service, the evidence regarding Ms. Holthaus's indigency will remain in the record.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of July, 2025.

Tiffany M. Cartwright
United States District Judge