UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI MARIE HOLTHAUS, | Case No. 3:25-cv-05257-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR RECUSAL |
| v. | |
| WASHINGTON DEPARTMENT OF | |
| CORRECTIONS et al., | |
| Defendants. | |

## I.    ORDER

This matter comes before the Court on Pro Se Plaintiff Cortni Marie Holthaus's Motion for Recusal. Dkt. 30. For the reasons explained below, Ms. Holthaus's motion is DENIED, and pursuant to Local Civil Rule 3(f), the undersigned judge directs the clerk to refer the motion to U.S. Chief District Judge David G. Estudillo.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). In addition, recusal is required pursuant to Section 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any

ORDER DENYING MOTION FOR RECUSAL - 1

1    adverse party." 28 U.S.C. § 144. Critically, bias or prejudice sufficient to warrant recusal must

2    derive from an extrajudicial source. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th

3    Cir. 1997). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

4    motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

5        Ms. Holthaus raises three concerns that she argues merit recusal. *See generally* Dkt. 30.

6    First, Ms. Holthaus asserts that the Court has mischaracterized her filings, suggesting that they

7    are "repetitive or duplicative" when she claims they are not. Dkt. 30 at 1. Second, she alleges

8    that the Court overlooked evidence, as the Court has not cited several of her submissions in its

9    orders. *Id.* at 1–2. And third, Ms. Holthaus notes that the Court has threated sanctions for filings

10   that she believes were "appropriate, necessary, and made in good faith." *Id.* at 2. She claims

11   these "threats have created an atmosphere of hostility and have made it difficult for Plaintiff to

12   feel safe in accessing the Court." *Id.*

13       The Court is unpersuaded that recusal is appropriate. First, Ms. Holthaus does not point

14   to any "extrajudicial" conduct that warrants recusal. *See Taylor v. Regents of Univ. of California*,

15   993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an

16   extrajudicial source.") (citing cases). This means the basis for recusal must be "something other

17   than rulings, opinions formed or statements made by the judge during the course of trial." *United*

18   *States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citing *Liteky*, 510 U.S. at 554–56).

19       Yet Ms. Holthaus's concerns all center around the Court's orders. Ms. Holthaus takes

20   issue with the Court's characterization of her filings in its orders. Dkt. 30 at 1. She argues that

21   the "continued characterization of these efforts as wasteful or duplicative misrepresents the intent

22   and content of Plaintiff's filings." *Id.* The Court understands that Ms. Holthaus disagrees with

23   the Court's description of her filings. But disagreement with judicial decisions is not grounds for

24   recusal since making those decisions is within the undersigned's judicial capacity. *United States*

ORDER DENYING MOTION FOR RECUSAL - 2

*v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

Second, to the extent that Ms. Holthaus argues that the Court's decision to deny her requests was the result of bias or animus, *see* Dkt. 26 at 2, Dkt. 30 at 2, these allegations are conclusory and unsupported. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995), *as amended* (May 24, 1995) ("mere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required") (citation omitted).

Ms. Holthaus alleges that the Court's orders failed to acknowledge or review evidence, and that she fears the evidence was "disregarded." Dkt. 30 at 1–2. Ms. Holthaus's motions and her evidence were fully considered, and only then was the relief sought denied. *See id.* The Court explained the reasoning in each of its orders. Dkt. 11; Dkt. 16; Dkt. 19; Dkt. 21; Dkt. 25. For example, in an order denying Ms. Holthaus emergency relief, the Court detailed the very high bar required for ex parte emergency relief—that is, relief granted without notice to the other party. Dkt. 16 at 2–3. The Court explained that, though Ms. Holthaus had provided thorough evidence in her complaint, she had not offered any evidence showing compliance with the requirements for service and notice necessary for emergency relief. *Id.* at 3. Additionally, the Court noted, Ms. Holthaus's motion had not addressed the relevant legal standard. *Id.* This was alone a sufficient basis to deny the motion. *Id.* (citing cases). The Court highlighted that her allegations were concerning but acknowledged that she had not met the high bar for ex parte emergency relief. *Id.* at 4.

Ms. Holthaus sought reconsideration of this order. Dkt. 17. She filed a flash drive and other evidence with the Clerk's Office. Dkt. 18. The Court reviewed this evidence, as well as her motion, and concluded that Ms. Holthaus had not met the standard for a motion for

reconsideration. *See generally* Dkt. 19. The Court noted that Ms. Holthaus had submitted new evidence. *Id.* at 2. But, the Court explained, the motion for reconsideration standard requires that the evidence be newly discovered by the party. *Id.* (citing *Lipson v. On Marine Servs. Co. LLC*, No. C13-1747, 2014 WL 2048195, at *3 (W.D. Wash. May 19, 2014)). The Court never said that the information was duplicative, only that it was not "newly discovered" and could have been offered earlier. *Id.*

Then, Ms. Holthaus again moved for emergency relief and offered a proposed amendment complaint. Dkt. 20. The Court did note that the motion itself was identical to the motion the Court had previously denied, save for what appeared to be a missing page and a new cover page. Dkt. 21 at 2; *see also* Dkt. 20; Dkt. 13; Dkt. 16; Dkt. 19. The Court again reviewed all of the materials Ms. Holthaus had submitted—including the digital evidence on the flash drive submitted to the Court. *See* Dkt. 21; Dkt. 20. The Court noted that repetitive filings, such as repeatedly filing identical motions, could be the basis for sanctions. Dkt. 21 at 2–3.

These orders serve as the basis for Ms. Holthaus's motion for recusal. Dkt. 30 at 1–2. Ms. Holthaus thus does not allege any actions by this Court to support a claim of bias or prejudice that would warrant recusal. *See $292,888.04 in U.S. Currency*, 54 F.3d at 566. Thus, contrary to Ms. Holthaus's position, the Court took her claims, evidence, and filings into account, and the Court's decision against her does not evidence any bias or animus by the Court. *See Taylor*, 993 F.2d at 712; *Jacobs v. Lanterman Developmental Ctr.*, 202 F. App'x 201, 202 (9th Cir. 2006) (affirming lower court's dismissal of action with prejudice as a sanction for repeated motions to recuse presiding judge where recusal was based "solely on adverse rulings.").

Ultimately, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for the*

1    *Cent. Dist. Of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation modified). Ms. Holthaus has

2    not provided a legitimate reason for the undersigned judge to recuse. The Court therefore

3    DENIES her motion for recusal (Dkt. 30) and directs the Clerk to refer the motion to U.S. Chief

4    District Judge David G. Estudillo.

5          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6    to any party appearing pro se at said party's last known address.

7          Dated this 31st day of July, 2025.

8

9          Tiffany M. Cartwright
           United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR RECUSAL - 5