UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI HOLTHAUS,<br><br>                     Plaintiff,<br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>                    Defendants. | CASE NO. 3:25-cv-05257-TMC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 30) |

This matter comes before the Court on Judge Tiffany M. Cartwright's denial (Dkt. No. 31) of Plaintiff's motion for recusal. (Dkt. No. 30.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Cartwright's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 30) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff asserts Judge Cartwright mischaracterized her filings as repetitive or duplicative.  (Dkt. No. 30 at 1.)  Plaintiff further contends Judge Cartwright's orders do not address evidence contained on a flash drive she submitted to the Court.  (*Id.* at 1–2.)  Finally, Plaintiff alleges Judge Cartwright has created "an atmosphere of hostility" by suggesting Plaintiff could face sanctions for filings Plaintiff believes are "appropriate, necessary, and made in good faith."  (*Id.* at 2.)

All of Plaintiff's assertions are predicated on her disagreements with Judge Cartwright's orders or language contained in those orders; this does not constitute a basis for recusal.  *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, judicial comments contained in an order or made during a hearing "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a

1  bias or partiality challenge." *Liteky*, 510. U.S. at 555.  Plaintiff has not identified any specific

2  language in Judge Cartwright's orders that indicates potential bias.

3      The Court finds no evidence that would lead a reasonable person to question Judge

4  Cartwright's impartiality.  Accordingly, the Court AFFIRMS Judge Cartwright's denial (Dkt.

5  No. 31) of Plaintiff's motion for recusal.  (Dkt. No. 30.)

7      Dated this 7th day of August, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 30) - 3