UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORTNI MARIE HOLTHAUS, | Case No. 3:25-cv-05257-TMC |
| Plaintiff, | ORDER GRANTING MOTIONS TO DISMISS |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS et al., | |
| Defendants. | |

## I.    INTRODUCTION

Proceeding pro se, Plaintiff Cortni Marie Holthaus brings civil rights and disability-related claims against the cities of Olympia, Lacey and Tumwater, MultiCare Lacey Emergency ("MultiCare"), and Providence St. Peter's Hospital ("Providence").

The Court dismissed all of Ms. Holthaus's claims on November 12, 2025, granting her leave to amend the complaint and cure its deficiencies. Dkt. 64. Ms. Holthaus amended her complaint, and Defendants renewed their motions to dismiss. Dkts. 66, 67, 68, 73.[1]

---

[1] The cities of Olympia and Lacey were added by the amended complaint and have not yet responded. Dkt. 66. The City of Tumwater was added to replace the Tumwater Police Department ("TPD") and moved to dismiss Ms. Holthaus's claims on January 22, 2026. Dkt. 73.

ORDER GRANTING MOTIONS TO DISMISS - 1

For the reasons stated below, the Court GRANTS Defendants' motions to dismiss. Dkts. 67, 68, 73. Each of Ms. Holthaus's claims are DISMISSED WITH PREJUDICE and without leave to amend.

## II.    BACKGROUND

The Court previously discussed Ms. Holthaus's claims in detail and will not do so again here. Dkt. 64 at 2–4. In short, Ms. Holthaus is a former employee at the Washington Department of Corrections ("DOC") who alleges state agents harassed and retaliated against her after she raised concerns that DOC housing vouchers "were being approved for repeat offenders, including individuals with a history of severe sexual offenses against very young children." Dkt. 66 at 2. She claims that police officers followed her, remotely interfered with her computer and internet, and made late-night phone calls to her home. *Id*. at 2–4.

Ms. Holthaus also makes several claims regarding her medical treatment by Providence and MultiCare. She alleges that Providence failed to explain the risks of psychiatric medication, "called security instead of" addressing her requests for medical records, and falsified medical records about her. Id. at 3–6. She further claims that Providence improperly diagnosed her with "Bipolar 1 with Paranoia," and that MultiCare improperly relied on Providence's diagnosis. *Id*. at 7.

Ms. Holthaus brings claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and state law negligence and intentional infliction of emotional distress. *Id*. at 11–13. Aside from the cities of Olympia and Lacey, Defendants have moved to dismiss the amended complaint. Dkts. 67, 68, 73. Ms. Holthaus did not file a response to any of the pending motions.

ORDER GRANTING MOTIONS TO DISMISS - 2

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr.*, 768 F.3d at 945, but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although the Court construes pro se pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.    DISCUSSION

When the Court originally dismissed Ms. Holthaus's claims, it found that her complaint failed to meet the basic pleading standards of Rule 8 and did not plausibly state a claim for relief. Dkt. 64 at 5–11. The Court noted, however, that Ms. Holthaus could "potentially fix the problems with her remaining claims by providing more facts to support them." *Id*. at 11. The Court noted that any amended complaint would need "to provide statements identifying (1) the right violated, (2) the name of the defendant who violated that right, (3) the specific, wrongful acts of the defendant, (4) when the acts occurred, and (5) the harm that resulted from those wrongful acts." *Id*. at 12.

Ms. Holthaus has failed to amend her complaint with these critical facts. Her allegations remain scattered and confusing, and in some ways the amended complaint provides *less* factual detail. *Compare* Dkt. 13 at 2–3 (listing the dates and times of alleged police encounters) *with* Dkt. 66 at 4–6 (omitting this information). More importantly is that, even if this Court considered all facts in all versions of the complaint, Ms. Holthaus simply does not show that any defendant has violated any law.

### A.    First Amendment claims against the cities of Tumwater, Olympia, and Lacey

Ms. Holthaus alleges claims against three cities for the acts of their police officers. Dkt. 66 at 10–12 (citing *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658 (1978)). Specifically, Ms. Holthaus alleges that officers from these cities violated the First Amendment when they followed her and remotely interfered with her computer—thereby retaliating against her, chilling her right to free expression, and "interfer[ing] with [her] ability to prepare, store, and submit legal filings." *Id*. at 11–12. These claims fail because Ms. Holthaus has not plausibly alleged that any city violated her First Amendment rights.

ORDER GRANTING MOTIONS TO DISMISS - 4

To set forth a Section 1983 claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official policy, practice, or custom permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. A plaintiff must show (1) she was deprived of a constitutional right; (2) the municipality has a policy, practice, or custom; (3) the policy, practice, or custom amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy, practice, or custom is the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

The Court previously dismissed this claim in part because Ms. Holthaus did not satisfy the first *Monell* prong requiring an underlying constitutional violation:

> Ms. Holthaus pleads no facts from which the Court can infer that there was a nexus between the alleged surveillance and her protected speech or conclude that the acts of surveillance were sufficient to chill a person of ordinary firmness from exercising her constitutional rights. . . . Aside from the police returning her non-emergency call at 11:50pm on March 9, 2025, which Ms. Holthaus claims was "deeply unsettling and inappropriate" because of the late hour, she does not discuss any interactions with police that indicate an intent to suppress her speech.

Dkt. 64 at 8 (internal citations omitted). The Court also noted that it "reviewed videos and images documenting technical problems with Ms. Holthaus's laptop," but that it was unclear how these issues showed that anyone was remotely interfering with her computer. *Id*.

The same deficiencies persist in the amended complaint, and Ms. Holthaus's First Amendment claims against Tumwater, Olympia, and Lacey fail for the same reasons. Ms. Holthaus broadly alleges that the cities' officers "tamper[ed]" with her computer and that "disruptions were targeted to periods when Plaintiff was working on federal court filings, drafting motions, or researching procedural rules, indicating purposeful interference rather than ordinary device malfunction." Dkt. 64 at 3–4. Ms. Holthaus alleges no facts showing that her

ORDER GRANTING MOTIONS TO DISMISS - 5

technical issues are caused by interference from a police officer, as she suggests, rather than any other possible cause. Nor does she allege facts showing that her whistleblowing or other protected speech was a "substantial motivating factor" in any misconduct. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).

Even if Ms. Holthaus could show an underlying constitutional violation, her First Amendment claims fail the remaining *Monell* prongs. Ms. Holthaus has not identified any policy, practice, or custom by any of the municipal defendants—let alone one involving remote interference with technology against individuals who speak publicly against DOC policies. The Court therefore GRANTS the City of Tumwater's motion to dismiss. Dkt. 73. Ms. Holthaus's claims against the cities of Tumwater, Lacey, and Olympia[2] are DISMISSED with PREJUDICE.

**B.    Claims against Providence and MultiCare**

Next, Ms. Holthaus alleges claims against Providence for its treatment of her and diagnosis of her as having "Bipolar 1 with Paranoia." Dkt. 66 at 6–7. She asserts that hospital staff "tried to administer psychiatric medication without explaining risks," "did not provide information on medication until Plaintiff directly requested to know the medication name," and never provided "an explanation of benefits, risks, or alternatives before psychoactive treatment decisions were made." *Id*. at 6. She alleges that Providence staff then "dismissed or minimized" her concerns and recorded "unverified, speculative psychiatric notes" resulting in a "speculative diagnosis" of "Bipolar 1 with Paranoia." *Id*. at 7. Ms. Holthaus then alleges that MultiCare improperly relied upon Providence's diagnosis. *Id*. at 8.

---

[2] Although the cities of Olympia and Lacey only recently appeared and have not moved to dismiss Ms. Holthaus's claims, the Court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) (quoting *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

ORDER GRANTING MOTIONS TO DISMISS - 6

In dismissing these claims previously, the Court noted that Ms. Holthaus's allegations were "conclusory and would not survive a motion to dismiss." Dkt. 64 at 10. Specifically, Ms. Holthaus did not "discuss the circumstances of her detention at Providence or explain why MultiCare's adoption of another hospital's diagnosis would be unlawful." *Id*. Ms. Holthaus's amended complaint suffers the same pitfalls. She omits critical details of her treatment at Providence and does not explain the "the who, what, where, when and why needed for the Court and Defendants to understand what is being alleged." *Brooks v. Skagit Cnty. Pub. Health*, No. 2:23-CV-01708-LK, 2023 WL 7651221, at *1 (W.D. Wash. Nov. 15, 2023). For example, it is unclear when or why Ms. Holthaus presented at Providence, what treatment she received, what psychiatric medication she was provided, or what happened after hospital staff "called security instead of addressing [her] request" for documents. Dkt. 66 at 5–6.

Aside from failing the basic pleading standards of Rule 8, Ms. Holthaus also fails to allege that Providence or MultiCare violated any law. As Providence notes, RCW 7.70 "exclusively" governs injuries resulting from health care in Washington, and that statute requires Ms. Holthaus to plead an injury caused by the hospitals' breach of an accepted standard of care, promise that an injury would not occur, or treatment to which she did not consent. Dkt. 68 at 6 (citing *Branom v. State*, 94 Wash. App. 964, 974, 974 P.2d 335 (1999)); RCW 7.70.030.

Assuming Providence and MultiCare had a duty to Ms. Holthaus as their patient, there are no facts in the complaint showing they breached that by, for example, relying on "narrative rather than clinical evidence" to diagnose her with Bipolar 1. Dkt. 66 at 6. Liberally construed, the complaint appears to allege that Ms. Holthaus was subjected to certain types of treatment by Providence to which she did not consent. *See, e.g.*, *id*. ("[Providence] then led Plaintiff to a locked area of the hospital after promising a patient advocate . . . Records falsely state the Plaintiff 'requested inpatient admission,' which never occurred."). But Ms. Holthaus has not

ORDER GRANTING MOTIONS TO DISMISS - 7

explained the nature of this treatment, such as how long she remained in a "locked area," whether she indicated that she would like to leave, or, critically, what injury she suffered as a result.

Because the amended complaint remains vague as to Providence and MultiCare's treatment of Ms. Holthaus and does not state any claims upon which relief can be granted, the Court GRANTS the hospitals' motions to dismiss. Dkts. 67, 68. All claims against Providence and MultiCare are DISMISSED WITH PREJUDICE.

**C.      ADA and Rehabilitation Act claims**

Ms. Holthaus alleges claims under the ADA and Rehabilitation Act against all Defendants. Dkt. 66 at 12–13. As an initial matter, the Court need not consider these new claims because it did not permit Ms. Holthaus to add them to her complaint when it granted leave to amend. *See* Dkt. 64 at 11–12 (granting leave to amend "her remaining claims by providing more facts to support them"); *see DeLeon v. Wells Fargo Bank*, N.A., No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one, however, where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

Even if the Court permitted amendment of these claims, they fail for the same reasons as the others discussed above. Namely, Ms. Holthaus asserts that Defendants "treat[ed] [her] disability as grounds for dismissing legitimate complaints," Dkt. 66 at 12, but she provides no facts indicating that anyone treated her differently because of any disability, nor that such treatment violated any law. These claims, too, must be dismissed.

**D.      Remaining claims**

Finally, Ms. Holthaus's amended complaint contains a smattering of facts regarding an administrative law judge in her unemployment proceedings, an attorney "observer" in those

ORDER GRANTING MOTIONS TO DISMISS - 8

proceedings, and her former colleagues at the DOC. *Id.* at 3–5. As with similar claims made in the previous complaint, the Court dismisses these because they "fail to allege the 'who, what, where, when and why' required under Rule 8's pleading standard and do not state a claim for relief." Dkt. 64 at 11 (first citing *Brooks*, 2023 WL 7651221, at *1; then citing Fed. R. Civ. P. 8).

**E.   Dismissal with prejudice**

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

The Court finds it would be futile to grant Ms. Holthaus further leave to amend. The Court afforded Ms. Holthaus an opportunity to provide additional facts in support of her claims, and she has not done so. Dkt. 64. Ms. Holthaus also did not oppose the present motions to dismiss, a fact which may be considered as an admission that the motions have merit. Local Civil Rule 7(b)(2). Because the Court "has previously granted leave to amend and believes further amendment would be futile," the Court dismisses all claims with prejudice and without leave to amend. *Chesley v. City of Mesquite*, No. 221CV01946ARTDJA, 2023 WL 5206925, at *5 (D. Nev. Aug. 14, 2023); *see Prayed v. Alaska R.R. Corp.*, No. 19-35775, 2022 WL 1125666, at *1 (9th Cir. Apr. 15, 2022) ("The district court did not abuse its discretion by denying Prayed further leave to amend because it had previously granted leave to amend and Prayed had not cured the complaint's deficiencies.")

**V.   CONCLUSION**

The Court GRANTS Defendants' motions to dismiss. Dkts. 67, 68, 73. Ms. Holthaus's claims are DISMISSED WITH PREJUDICE and without leave to amend.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS - 10